**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KARINA DENISE WILSON, | **Case No.: 1:26-cv-00781-TWP-MJD** |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| STERLING INFOSYSTEMS, INC., | |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

Plaintiff Karina Denise Wilson ("Plaintiff"), by and through the undersigned counsel, alleges against Sterling Infosystems, Inc. ("Defendant" or "Sterling") as follows:

**INTRODUCTION**

1.      This is an action for brought against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

**PARTIES**

2.      Plaintiff is a natural person residing in Plainfield, Indiana, and qualifies as a "consumer" as defined and protected by the FCRA

3.      Defendant is a consumer reporting agency that maintains a principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

1

## FACTUAL ALLEGATIONS

### Defendant Sold a Background Report Containing Expunged Criminal Records

6.      On or around May 24, 2025, Plaintiff applied for the Accounts Receivable Supervisor position with Ensemble RCM LLC ("Ensemble"). She progressed through the hiring process and completed two rounds of interviews on July 7 and July 29, 2025.

7.      Employment with Ensemble was conditioned on Plaintiff passing a background check.

8.      On August 19, 2025, Ensemble ordered a background check on Plaintiff from Defendant.

9.      On September 10, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and published the same to Ensemble.

10.      Within that consumer report, Defendant published a criminal record that was expunged.

### Ensemble RCM LLC Denies Plaintiff's Employment Application

11.      On September 10, 2025, Plaintiff received a pre-adverse action notice from Ensemble notifying Plaintiff that her job was in jeopardy because of the criminal record reported by Defendant.

12.      Plaintiff contacted Ensemble and informed them that the record was *expunged* months prior and should not have been included in the report in the first place.

13.      Plaintiff was panicked, confused, and concerned about the impact of the inaccurate reporting both in relation to the position with Ensemble and its impact on her future employment prospects.

14.      Defendant's violation was clearly willful. Sometime in March 2025, Defendant

2

published a background check to Plaintiff's former employer, which contained the criminal record. At that time, the criminal record was not expunged.

15. When Defendant prepared the consumer report at issue, in August and September 2025, the criminal record was not findable because it was expunged in July 2025, and Plaintiff verified that the records were not findable.

16. Thus, upon information and belief, instead of assuring the maximum possible accuracy of its consumer report and ensuring that the records it reports are up-to-date, Defendant apparently recycled the criminal record it found when it generated the March 2025 background check despite its statutory obligations.

17. Defendant's publication of a background report containing the expunged record was directly caused by its failure to follow reasonable procedures to ensure the maximum possible accuracy of information in the report it sold to Plaintiff's prospective employer.

18. Indeed, a cursory review of the widely available public court records confirms that the criminal record reported by Defendant was expunged and no longer available.

19. In fact, the criminal record was ordered expunged on or about July 28, 2025.

20. Had it followed reasonable procedures, it would have known that the criminal record it published was expunged and thus should not have been included in Plaintiff's employment purposed consumer report.

21. The sole reason the expunged criminal record was included in the employment purposed consumer report was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

**Defendant's Reporting Damaged Plaintiff**

22.     Plaintiff promptly disputed the inaccurate report with Defendant on September 16, 2025, explaining that the criminal case had already been expunged and should not have appeared on her consumer report.

23.     On September 17, 2025, Plaintiff received formal notice from Ensemble denying her job application based on the contents of the consumer report.

24.     On September 19, 2025, after completing its reinvestigation, Defendant corrected the report and removed the expunged case. Defendant provided Plaintiff an updated copy of the background report and confirmed that it had also forwarded a copy of the revised report to Ensemble.

25.     On September 30, 2025, Ensemble reversed its decision after reviewing the updated report. It reinstated its offer of employment to Plaintiff.

26.     Although ultimately Plaintiff secured the job, the error caused much disruption. Plaintiff was scheduled to begin work on September 16, but the inclusion of the expunged case delayed Plaintiff's employment by approximately three weeks.

27.     Plaintiff would have also been spared the humiliation, embarrassment, and unnecessary stress at work. Plaintiff has reported that the inaccurate reporting created tension in the workplace. Plaintiff was micromanaged, denied the use of accrued paid time off, and was treated unfairly because of the inaccurate and outdated report.

28.     On December 12, 2025, after less than a month of active employment, Plaintiff resigned due to feeling that her work environment was hostile as a result of the defamation.

29.     Plaintiff experienced emotional and physical distress, suffering from stress-related headaches and hair loss. She describes the need to explain the expunged records to human

resources as deeply embarrassing. Plaintiff was forced to borrow money from her family, leading to internal strain. She withdrew from social activities, including Thanksgiving with her family, due to shame over the situation and the delay in her employment.

30.     The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

31.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of wages, and benefits; loss of economic opportunities and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**COUNT I**
**15 U.S.C. § 1681**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

32.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

33.     Defendant is liable for willfully or, alternatively, negligently failing to follow reasonable procedures to ensure the maximum possible accuracy of the consumer background report it sold to Plaintiff's prospective employer, in violation of 15 U.S.C. §1681e(b).

34.     Defendant is liable for willfully or, alternatively, maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date, in violation of 15 U.S.C. §1681k.

35.     As a result of the misconduct described above, Plaintiff has suffered a range of actual damages as described herein.

36.     Defendant willfully violated 15 U.S.C. §§ 1681e(b), 1681k in that its conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37.     Plaintiff is thus entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 17, 2026,

*/s/ Yaear Weintroub*
Yaear Weintroub (NY Bar No. 6153431)
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com

*Attorneys for Plaintiff*
*Karina Denise Wilson*